AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **25-CI-00424**
Court: **CIRCUIT**
County: **GREENUP**

*Plantiff,* **STEVENS, RONDA VS. LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**, *Defendant*

TO: **CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

The Commonwealth of Kentucky to Defendant:
**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Allen K. Reed, Greenup
Circuit Clerk
Date: **8/15/2025**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 1135172373569225@00000097390
CIRCUIT: 25-CI-00424 Certified Mail
STEVENS, RONDA VS. LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

EXHIBIT
A



eFile(

COMMONWEALTH OF KENTUCKY
GREENUP CIRCUIT COURT
CIVIL ACTION NO. __________
*Electronically Filed*

RONDA STEVENS PLAINTIFF

vs. **COMPLAINT**

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON DEFENDANTS

**To be served through:**
CSC-Lawyers Incorporating Service Company
421 West Main Street
Frankfort, Kentucky 40601

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**To be served through:**
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

*** *** *** ***

Comes the Plaintiff, Ronda Stevens, and for her Complaint against Defendants Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company, states as follows:

1. Plaintiff Ronda Stevens is a citizen and resident of Wurtland, Greenup County, Kentucky.
2. Defendant Lincoln Life Assurance Company of Boston (hereinafter "Lincoln Life" or collectively "Defendant"), previously known as Liberty Life Assurance Company of Boston, is an insurance company domiciled in the state of New Hampshire, where it is a citizen and resident, with a statutory home office located at 175 Berkley Street, Boston, Massachusetts 02117.

3. Lincoln Life's service of process agent is CSC-Lawyers Incorporating Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and may be served through the service of process agent.

4. Defendant Lincoln Life is believed to be authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

5. Upon information and belief, Lincoln Life has merged with The Lincoln National Life Insurance Company (hereinafter "Lincoln National" or collectively "Defendant").

6. Defendant Lincoln National is an insurance company domiciled in the state of Indiana, where it is a citizen and resident, with a statutory home office located at 1300 S. Harrison Street, Fort Wayne, Indiana 46802.

7. Lincoln National's service of process agent is Corporation Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and may be served through the service of process agent.

8. Defendant Lincoln National is believed to be authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

9. Jurisdiction and venue are proper in this Court because Defendants transact business, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Greenup County, Kentucky. Defendants' breach of Defendants' payment obligations took place in Greenup County, where benefits are payable.

10. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of King's Daughters Medical Center, employed as a Registered Nurse. Plaintiff had been employed at King's Daughters Medical Center since approximately July 25, 1994 prior to becoming disabled.

11. King's Daughters Medical Center established and provided a long-term disability plan ("Plan" or "LTD Plan") to its employees, which includes Plaintiff. The policy number believed to be associated with the long-term disability Policy ("Policy" or "LTD Policy") is GD/GF3-850-290536-01.

12. The LTD Policy was issued by Defendants.

13. Plaintiff was covered and eligible under the Plan.

14. It is believed that the LTD Policy defines disability and entitles Plaintiff to receive long-term disability ("LTD") benefits, if Plaintiff meets the following definition:

> **"Disability"** or **"Disabled"**, with respect to Long Term Disability, means:
> ...
> Applicable to Class 1, 4:
>
> b. i. if the Covered Person is eligible for the 36 Month Own Occupation benefit, **"Disability"** or **"Disabled"** means that during the Elimination Period and the next 36 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
>
> ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

15. Defendants have a responsibility for payment of any disability benefits due according to the terms and conditions of the LTD Policy.

16. Plaintiff, while working for King's Daughters Medical Center became disabled under the terms of the LTD Policy on or about April 9, 2021, after being unable to return to work since on or about April 8, 2021, and her disability arose after the Effective Date of the Policy.

17. Plaintiff was unable to return to work at King's Daughters Medical Center, and remains disabled under the terms of the LTD Policy.

18. Plaintiff timely and properly submitted a claim for LTD benefits to Defendants, consistent with the terms of the LTD Policy. Plaintiff's claim number with Defendants is believed to be 11684358.
19. By letter dated October 8, 2021, Defendants approved Plaintiff's claim for LTD benefits, with benefits effective October 6, 2021.
20. Defendants continued paying LTD benefits to Plaintiff for a period of time.
21. On August 6, 2024, Plaintiff was approved for disability benefits by the Social Security Administration. The Social Security Administration deemed Plaintiff disabled effective January 10, 2022.
22. By letter August 14, 2024, Defendants began seeking reimbursement from Plaintiff related to an alleged overpayment of benefits resulting from Plaintiff's approval from Social Security disability benefits.
23. On or about August 23, 2024, Plaintiff reimbursed Defendants approximately $60,621.33 for the alleged overpayment of her claim.
24. By letter dated August 31, 2024 Defendants denied Plaintiff's claim for LTD benefits beyond October 5, 2024.
25. On February 24, 2025, Plaintiff timely and properly appealed the denial of her LTD benefits beyond October 5, 2024.
26. Plaintiff submitted medical records, her file with the Social Security Administration, an opinion letter from her treating medical provider, and other information with her February 24, 2025 appeal.
27. Thereafter, Plaintiff continued to submit additional information to Defendants in support of her appeal including an updated opinion letter from her medical provider, additional medical records, an independent medical evaluation, and other information.

28. On August 12, 2025, Defendants upheld the denial of Plaintiff's claim for LTD benefits beyond October 5, 2024.
29. The October 5, 2024 denial letter from Defendants states Plaintiff's "administrative right to review has been exhausted; no further review will be conducted by Lincoln and her claim will remain closed."
30. The October 5, 2024 denial letter from Defendants states Plaintiff "has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review."
31. Plaintiff is entitled to payment of disability benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable Policy.
32. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*
33. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract and/or by law.

**COUNT I**

34. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.
35. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendants' improper denial of benefits under the Plan and to recover benefits under the terms of the Plan.
36. Under the terms of the insurance Policy, Plaintiff is entitled to monthly LTD benefits until the maximum benefit duration date in the Policy.
37. Plaintiff is entitled to LTD benefits, and Defendants should be required to perform under the contract and pay benefits to Plaintiff.

38. Defendants' decision to terminate benefits, and the refusal to reinstate benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendants, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the Plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).
39. Defendants have an inherent conflict of interest because Defendants are not only the entity(ies) responsible for paying benefits to Plaintiff, but Defendants are also the entity(ies) that makes the determination of whether Plaintiff qualifies for those benefits.
40. Defendants hired individuals to perform file reviews of Plaintiff's claim and used these file reviews to support its denials of benefits. The individuals employed by Defendants did not examine or speak with Plaintiff.
41. Defendants disregarded the objective medical evidence, including records, an independent medical evaluation, and other information, that was submitted by Plaintiff on appeal.
42. Defendants' review processes, including its failure to examine Plaintiff, lacked due process to Plaintiff.
43. Defendants' review processes, including its failure to examine Plaintiff, were biased in favor of Defendants.
44. Defendants' internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.
45. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendants for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted,

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

Allen K. Reed, Greenup Circuit Clerk
101 Harrison Street, P.O. Box 676
Greenup, KY 41144-1093

Case Number: 25-CI-00424

USPS CERTIFIED MAIL

9236 0901 9403 8328 1131 90



Restricted Delivery

CSC-LAWYERS INCORPORATING SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601
Case Number: 25-CI-00424

Presiding Judge: HON. BRIAN C. MCCLOUD (620411)

## KCOJ eFiling Cover Sheet

Case Number: 25-CI-00424
Envelope Number: 11351723
Package Retrieval Number: 11351723735692225@00000097390
Service by: Certified Mail
Service Fee: $ 0.00
Postage Fee: $ 19.13

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

ackage : 000001 of 000012