**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**

| | | |
|---|---|---|
| **RONDA STEVENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 0:25-cv-00087-DLB-EBA** |
| **v.** | ) | |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

1. Pursuant to Rule 26(f), a meeting was held on October 2, 2025, and was attended by Elizabeth A. Thornsbury on behalf of Plaintiff Ronda Stevens ("Plaintiff") and Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company[1] ("Lincoln" or "Defendant"), and the Parties discussed the nature and basis of their claims and defenses, the possibility for a prompt settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

2. With respect to Rule 26(f)(3), the parties agree that no initial disclosures are required under Rule 26(a)(1)(B), and that production of the Administrative Record and parameters for limited discovery, if any, should proceed as outlined below.

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, the named defendants in this action are one-in-the-same and "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

3. The above-styled action is a claim by Plaintiff for recovery of disability benefits and to enforce Plaintiff's rights under the terms of the Plan and to clarify her rights to future benefits under the Plan. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, trial should be unnecessary for the final disposition of this case and, in the event that the parties do not resolve the case through settlement, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and dispositive cross motions for summary judgment. Accordingly, to facilitate the submission of the case to the Court, the parties propose a scheduling order containing the deadlines suggested in Paragraph (d) below in lieu of the deadlines requested in a standard schedule.

(a) Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff believes discovery beyond the Administrative Record may be necessary regarding any potential issues of lack of due process or bias, and conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before **January 30, 2026**.

(b) The deadline for the Parties to amend pleadings or join parties shall be **November 10, 2025**.

(c) The parties will engage in good faith settlement discussions and have initiated such discussions. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third-party neutral.

(d) As stated above, trial should be unnecessary for the final disposition of this ERISA benefits case, and in the event that the parties do not resolve the case through settlement, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1. **October 27, 2025** - Deadline for Defendant to produce Administrative Record to Plaintiff.
2. **January 30, 2026** - Deadline to Complete Discovery.
3. **February 6, 2026** - Deadline to file Stipulated Administrative Record.
4. **March 16, 2026** - Deadline to file cross motions for summary judgment.
5. **April 15, 2026** - Deadline to file response briefs.
6. **April 29, 2026** - Deadline to file reply briefs, at which time the case will stand submitted.

**Standard of Review:** The parties stipulate that the arbitrary and capricious standard of review shall apply to this action.

(e) The Parties do not desire a scheduling conference before entry of a scheduling order.

(f) The Parties will not consent to the referral of this case to a Magistrate Judge for all further proceedings in this case, including trial, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and L.R. 73.1.

Respectfully submitted this 6th day of October 2025.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**AND**

By: /s/Elizabeth A. Thornsbury (with permission)
Elizabeth A. Thornsbury
Email: elizabeth@austinmehr.com
Philip G. Fairbanks
Email: pgf@austinmehr.com
MEHR FAIRBANKS TRIAL LAWYERS, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830

COUNSEL FOR PLAINTIFF